IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

AUSTIN DIVISION

| | | |
|---|---|---|
| JAMES ROBERT COOK,<br>    Petitioner, | §<br>§<br>§ | |
| V. | § | A-06-CA-847-SS |
| | § | |
| NATHANIEL QUARTERMAN, Director,<br>Texas Dept. of Criminal Justice-<br>Correctional Institutions Division,<br>    Respondent. | §<br>§<br>§<br>§ | |

**REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**

To:     The Honorable Sam Sparks, United States District Judge

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas, Local Rules for the Assignment of Duties to United States Magistrates, as amended, effective December 1, 2002.

Before the Court are Petitioner's Application for Habeas Corpus under 28 U.S.C. § 2254 (Document 1) and Respondent's Answer (Document 26). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be denied.

**STATEMENT OF THE CASE**

**A.     Petitioner's Criminal History**

According to Respondent, the Director has lawful and valid custody of Petitioner pursuant to a judgment and sentence of the 390th Judicial District Court of Travis County, Texas, in cause

number 3040270. Petitioner was charged by indictment with third-degree felony assault, family violence for an offense occurring on or about February 10, 2004. The indictment also alleged two previous family-violence assault convictions for enhancement purposes. Petitioner pleaded guilty, and on July 1, 2004, the trial court placed Petitioner on deferred-adjudication community supervision.

After Petitioner violated the terms of his deferred-adjudication community supervision, the State moved to revoke the supervision and adjudicate guilt. Petitioner pleaded true to the alleged violations of conditions of community supervision. The trial court found Petitioner guilty of family violence assault and sentenced him to a three-year term of imprisonment on May 13, 2005.

Petitioner does not challenge his holding conviction. Instead, he challenges the constitutionality and application of the Texas mandatory supervision laws.

According to Respondent, Petitioner is eligible for mandatory supervision release. On March 3, 2006, the Board of Pardons and Paroles (the "Board") determined that Petitioner's "accrued good time [was] not an accurate reflection of the offender's potential for rehabilitation, and offender's release would endanger the public." The Board denied Petitioner mandatory supervision release, and determined he would be reviewed for release again in March 2007.

Petitioner filed a state habeas application challenging the denial of mandatory supervision release. The trial court issued findings of fact and transmitted Petitioner's state habeas application to the Texas Court of Criminal Appeals with the recommendation that relief be denied. The court denied relief without written order, but explicitly adopted the findings of the trial court. Ex parte Cook, Appl. No. 65,701-01 at cover.

B.  **Petitioner's Grounds for Relief**

Petitioner raises the following grounds for relief:

1. The Parole Board has improperly denied release to mandatory supervision because his "potential for rehabilitation has nothing to do with [the Texas] Good Conduct Credit System;"

2. Section 508.149(b) of the Texas Government Code, which gives the Parole Board some discretion to deny mandatory supervision to otherwise-eligible offenders, creates "absurdities" contrary to legislative intent;

3. His prior convictions were improperly considered by the Parole Board despite the fact that TEX. GOV'T CODE § 508.149(b) "has absolutely no mention of any time prior [to Petitioner's] existing sentence;" and

4. The Parole Board has "disregarded" the good conduct time credit system and does not recognize his "physical work and Compliance of all Rules & Regulations and program accomplishments as Creditable [sic]."

C.  **Exhaustion of State Court Remedies**

Respondent does not contest that Petitioner has exhausted his state court remedies regarding the claims brought in this application. A review of the state court records submitted by Respondent shows that Petitioner has properly raised these claims in previous state court proceedings.

## DISCUSSION AND ANALYSIS

A.  **The Antiterrorism and Effective Death Penalty Act of 1996**

On April 24, 1996, the President signed into law the Antiterrorism and Effective Death Penalty Act of 1996 ["AEDPA"],[1] which radically altered the standard of review by this Court in federal habeas corpus proceedings filed by state prisoners pursuant to Title 28 U.S.C. § 2254. Under the AEDPA's new standard of review, this Court cannot grant Petitioner federal habeas corpus relief in this cause in connection with any claim that was adjudicated on the merits in state court

---

[1] Pub.L. No. 104-132, 110 Stat. 1214 (1996).

3

proceedings unless the adjudication of that claim either (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding, 28 U.S.C. § 2254(d)(1)-(2).

The "contrary to" requirement "refers to the holdings, as opposed to the dicta, of ... [the Supreme Court's] decisions as of the time of the relevant state-court decision." Dowthitt v. Johnson, 230 F.3d 733, 740 (5th Cir. 2000) (quoting (Terry) Williams v. Taylor, 529 U.S. 362, 120 S. Ct. 1495, 1523 (2000)). The inquiry into whether the decision was based on an "unreasonable determination of the facts" constrains a federal court in its habeas review due to the deference it must accord the state court. See id.

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by ... [the Supreme Court] on a question of law or if the state court decides a case differently than ... [the Supreme Court] has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from ... [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case.

Id. at 740-41.

Section 2254(d)(2) speaks to factual determinations made by the state courts. See 28 U.S.C. § 2254(e)(1). While we presume such determinations to be correct, the petitioner can rebut this presumption by clear and convincing evidence. See id. Absent an unreasonable determination in light of the record, we will give deference to the state court's fact findings. See id. § 2254(d)(2). With these principles in mind, this Court must now turn to the issues raised by the pleadings in this cause.

B.   **Mandatory Supervision**

Texas law currently provides for a conditional release called mandatory supervision as follows:

> Except as provided by Section 508.149, a parole panel shall order the release of an inmate who is not on parole to mandatory supervision when the actual calendar time the inmate has served plus any accrued good conduct time equals the term to which the inmate was sentenced.

TEX. GOV'T CODE § 508.147. The exception cited in the mandatory supervision statute provides in pertinent part:

> An inmate may not be released to mandatory supervision if a parole panel determines that:
>
> (1) the inmate's accrued good conduct time is not an accurate reflection of the inmate's potential for rehabilitation; and
>
> (2) the inmate's release would endanger the public.

*Id*. § 508.149(b). This exception was added to the mandatory supervision scheme by the Texas legislature, effective September 1, 1996.

Recently, the Fifth Circuit held that Texas' post-September 1, 1996 mandatory supervision scheme creates a constitutional expectancy of early release. Teague v. Quarterman, 482 F.3d 769, 777 (5th Cir. 2007). Because of this, Petitioner is entitled to due process protection.

The Texas Court of Criminal Appeals has also held the statute vests a liberty interest in an eligible inmate to certain procedural due process considerations. Ex parte Geiken, 28 S.W.3d 553, 558-60 (Tex. Crim. App. 2000). In light of the liberty interest created by the statute, the state court determined that constitutional due process requires that an eligible inmate be provided timely notice that he will be considered for mandatory supervision release and a meaningful opportunity to be

5

heard, *i.e.*, an opportunity to tender or have tendered to the Board information in support of release. Id. at 559-60.  Additionally, if release is denied, the inmate must be informed in what respects he falls short of qualifying for early release.  Id. at 560.  In a later opinion, the state court determined that the notice requirement requires the Board to inform the inmate of the specific month and year he will be reviewed.  Ex parte Ratzlaff, 135 S.W.3d 45, 50 (Tex. Crim. App. 2004).

Petitioner does not complain that he was denied timely notice of the hearing or a meaningful opportunity to be heard.  Rather, Petitioner maintains his potential for rehabilitation has nothing to do with the good conduct credit system, legislative history supports his release, his prior convictions were improperly considered, and the Parole Board failed to take into consideration Petitioner's good time and work time.

In rejecting Petitioner's claims, the state habeas court made the following findings and conclusions:

> The Board of Pardons and Paroles is not legally obligated to release an inmate on the basis of his time credits earned if the Board determines that the inmate is not sufficiently rehabilitated or poses a danger to the public if released.
>
> * * *
>
> Applicant does not present facts alleging that his Due Process rights were infringed upon in that he does not contend to have been denied notice of a hearing or an opportunity to present information before the Board made its decision.

Ex parte Cook, No. 65,701-01 at 57 (paragraph numbers omitted).  These findings are due a presumption of correctness absent a showing they are contrary to clearly established federal law or an unreasonable determination of the facts in light of the evidence.  28 U.S.C. § 2254(d).  Petitioner has failed to prove that the state court's determination of the claims presented was contrary to or involved an unreasonable application of clearly established federal law.

Moreover, the record reflects Petitioner received and signed advance written notice that he was being reviewed for release, and that notice informed him how to submit additional material for review.  See Respondent's Appendix A at 1.  The record also reflects Petitioner was notified that the Board denied his release to mandatory supervision, indicating Petitioner's accrued good time was not an accurate reflection of his potential for rehabilitation and that his release would endanger the public.  Id. at 2.  The Board also indicated in its denial that Petitioner would be reviewed again in March 2007.  Id.  Accordingly, it appears Petitioner was afforded all the process he was due.  See LaChance v. Erickson, 522 U.S. 262, 266, 118 S. Ct. 753, 756 (1998) (due process requires notice and meaningful opportunity to be heard); Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 16, 99 S. Ct. 2100, 2108 (1979) (opportunity to be heard and providing inmate with reasons for denying release sufficient to satisfy due process).

## RECOMMENDATION

It is, therefore, recommended that Petitioner's application for writ of habeas corpus be denied.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within ten (10) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and recommendations in the Report and, except upon grounds of plain error, shall bar the party from

appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court. See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140, 150-153, 106 S. Ct. 466, 472-74 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

SIGNED this 14th day of June, 2007.

_____
ANDREW W. AUSTIN
UNITED STATES MAGISTRATE JUDGE